UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| OTIS FRANKENLL, JR.<br>    (aka FRANKNELL)<br>    FED. REG. #16504-042<br>VS. | CIVIL ACTION NO. 3:15-cv-1677<br><br>SECTION P<br><br>JUDGE ROBERT G. JAMES |
| JOEL WEATHERLY, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

Pro se plaintiff Otis Frankenll, Jr., proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 11, 2015. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons, however, when he filed this complaint he was a detainee at the Richland Parish Detention Center (RPDC) awaiting trial on charges pending in this Court under Criminal Docket No. 3:14-cr-00144. He complained that Richland Parish Sheriff Lee Harrell and RPDC Warden Joel Weatherly failed to protect him from violence at the hands of another inmate.  He initially asked the Court to "fire the sheriff and the warden." In an amended complaint he also asked for the dismissal of his federal charges and compensatory damages. On September 18, 2015, the undersigned completed an initial review of the pleadings and directed plaintiff to amend his complaint within 30 days. [Doc. 9] That order was mailed to plaintiff at his last known address and on September 28, 2015, it was returned by the United States Postal Service with the following notation, "Return to Sender, Not Deliverable as Addressed, Unable to Forward." [Doc.10] Plaintiff has not advised the Court of his current whereabouts.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Local Rule 41.3 of this District provides in part, "The failure of [a] ... pro se litigant to promptly notify the court in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." Plaintiff was apparently transferred or released from RPDC sometime prior to September 28, 2015. More than 30 days have elapsed since that date and he has not provided his current whereabouts in violation of Local Rule 41.3. Dismissal of the complaint is warranted.[1]

---

[1] Local Rule 41.3 also provides, "Dismissal under this rule shall be without prejudice ... The Order of Dismissal shall allow for reinstatement of the civil action within 30 days for good cause shown."

It is unclear whether dismissal at this time will result in the complete forfeiture of plaintiff's claims should he desire at some later date to pursue them. Nevertheless, dismissal at this juncture would still be appropriate even if it ultimately "deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute in accordance with the provisions of FRCP Rule 41(b) and Local Rule 41.3.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, November, 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As previously noted, plaintiff has submitted an inadequate pleading; he was instructed to amend to cure the defects noted in the order; however, he is no longer at the address he supplied with his pleadings and he has not advised the Court of his current whereabouts.